UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIK DARCELL MCGILL | * | CIVIL ACTION |
| VERSUS | * | NO: 17-3392 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(2) |
| LANYCHA HALL | * | CIVIL ACTION |
| VERSUS | * | NO: 17-3998 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(1) |
| GABRIELLE EVANS TRAYLOR | * | CIVIL ACTION |
| VERSUS | * | NO: 17-4302 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(4) |
| TERRANCE HARRIS | * | CIVIL ACTION |
| VERSUS | * | NO: 17-4345 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(2) |

| | | |
|---|---|---|
| LASHONA LEWIS | * | CIVIL ACTION |
| VERSUS | * | NO: 17-4410 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(2) |
| JERRY MILLER | * | CIVIL ACTION |
| VERSUS | * | NO: 17-4444 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(1) |
| SANDRA MOORE | * | CIVIL ACTION |
| VERSUS | * | NO: 17-4457 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION: "J"(4) |

## **ORDER**

Each of the captioned cases is a B-3 medical case arising out of the Deepwater Horizon oil spill.  In each case, the Court excluded the plaintiff's general causation expert and granted BP's motion for summary judgment.  Before the Court now are identical *Motions for Reconsideration* filed by Plaintiffs and identical oppositions to each filed by Defendants. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be denied.

Motions to reconsider or amend a final or partial judgment are "not the proper

2

vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013). Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

In these B-3 cases, Plaintiffs simply rehash arguments previously made, and do not raise anything new that could not have been offered before entry of judgment. As Defendants correctly point out, the ongoing discovery dispute in a different B3 case regarding BP's Rule 30(b)(6) witness is irrelevant to either the *Motions in Limine to Exclude Dr. Jerald Cook* or the *Motions for Summary Judgment*. Moreover, this Court is not alone in this conclusion, which is joined by at least five other judges of this Court.

As the Court previously stated, even assuming that BP had an affirmative duty to conduct dermal testing or biomonitoring after the oil spill, the lack of this information is not what renders Dr. Cook's expert report unreliable, unhelpful, and inadmissible.

The general causation inquiry in toxic tort cases is not limited to environmental sampling data taken as part of the incident at issue. Instead, an expert may consult all relevant scientific and medical literature on the harmful effects of the chemicals at issue to determine whether a relevant chemical has the capacity to cause the harm alleged by the plaintiff in the general population. Dr. Cook's expert report failed to identify a single chemical which could cause the particular medical injuries alleged by each Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motions for Reconsideration* are **DENIED.**

New Orleans, Louisiana, this 26th day of October, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE